U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2015 APR -3 A 11: 38

United States District Court
District of New Hampshire

Roberto Pabon
Plaintiff

Civil Action No. 1:15-cv-115

Richard N. Van Wickler, Superintendent (To be provided by Clerk's Office)
Cheshire county D.O.C
Defendant(s)

**TO BE COMPLETED BY PLAINTIFF**
(Check One Only)
(✓) DEMAND FOR JURY TRIAL
( ) NO JURY TRIAL DEMAND

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983

I. **Parties**

A. Please provide the following information for each plaintiff:

1. Name __Pabon__   __Roberto__   _____
   (Last)           (First)        (Initial)

2. Place of Detention __Strafford County D.O.C__

3. Institutional Address __266 County Farm Rd__
   __Dover, NH 03820__

4. Are you incarcerated pursuant to a pretrial detention order or are you a sentenced inmate?

   ☑ Pretrial Detention Order
   ☐ Sentenced Inmate

5. Date pretrial detention order was issued or sentence imposed __3-26-14__



-47-

B. Please provide the full name, current title and address known for each defendant:

1. Name **Van Wickler**           **Richard**           **N.**
   (Last)                          (First)               (Initial)

2. Title **Superintendent, Cheshire County D.O.C**

3. Address **825 Marlboro Rd**
   **Keene, NH 03431**

(If the complaint is being made against more than one defendant, please attach additional sheets listing the above information and allegations as follows.)

II. Statement of Claim

For each claim, please include the following information on attached sheets:

1. State which of your federal constitutional or federal statutory rights have been violated.

2. State which defendant(s) have violated that particular right for each allegation.

3. State, with specificity, the facts and circumstances that gave rise to the violations or deprivations alleged.

4. State the harm or damage that resulted from the alleged violation or deprivation.

Allegation 1: **Violated my right to free exercise of Religion of my First Amendment**

Supporting *Facts*: **He violated my rights to exercise my religious belief of my First Amendment when he denied me my grievance to seek relief, denied me access to my religious items, Denied me access to smudge, to have access to a Ceremonial pipe and Kinnikinnik, and to be able to worship and pray at the Cheshire County D.O.C**

-48-

Allegation 2: <u>violated my 14th Amendment under the equal protection clause</u>

Supporting Facts: He violated my 14th Amendment right to equal protection when he denied me the right to practice my religious belief while allowing cross-Denominational religions to practice their faith ~~possess material~~ and posses religious material and worship with other members of their faith, but Denied me all my rights.

Allegation 3: <u>violated the (RLUIPA) of equal protection</u>

Supporting Facts: Under the religious land use and Institutionlized Persons Act where one group is allowed to manifest its religious beliefs in a certain manner, all other groups must be accorded the same privilege and when Superintendent Richard N. Van Weckler denied me the right to practice my religious belief while allowing cross-denominational religions to practice their faith he violated my rights under the "RLUIPA"

(If more space is needed to explain any allegation or to list additional facts, attach additional pages)

III. Relief

You must request specific relief in your Complaint. State briefly exactly what you want the court to do for you (attach additional pages if necessary): Im seeking relief from the court in monetary Damages of $500,000.00

Date: 3-31-15

_Roberto Pabon_ - Pro-se
Signature of Plaintiff

---

State of New Hampshire ]
County of Strafford ] ss
 ]

_Roberto Pabon_ Pro-se, being first duly sworn, upon oath, presents that (s)he has read and subscribed to the foregoing complaint, and states that the information contained therein is true and correct.

Subscribed and sworn before me this 31st day of March, 20 15.

_Isabel Padial_
Notary Public/Justice of the Peace
ISABEL PADIAL — NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 22, 2016

**O R**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.

3-31-15
DATE

_Roberto Pabon_ - Pro-se
SIGNATURE

## JURY TRIAL DEMAND

I demand a jury trial for all claims for which a jury trial is allowed.

YES (✓)     NO (_)
**(check one only)**

Date: __3-31-15__                    __Roberto Pah Pro-se__
                                         Signature of Plaintiff

STATEMENT OF CLAIM:

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2015 APR -3 A 11: 39

1. Upon arriving at Cheshire County D.O.C, I was stripped of my sacred religious items: my medicine bag and my native bandana. That I had on my head and around my neck when I was transferred there from the North West Correctional Facility in the state of Vermont. Even before that, I was practicing my religious belief at Ray Brook F.C.I in Ray Brook New York. Where I was allowed to have my religious items in my possession.

2. When I was being processed through booking AT THE CHESHIRE COUNTY D.O.C I was told that, my religious items would be given back to me once safety and security approved them. They asked me what my religion was, and I let them know that I was Native American. That my religious items were a sacred part of my religious belief, and that I would appreciate it if they would not desecrate them.

3. In addition, if they wanted to see what the medicine bag contained inside. That I would like it done in my presence with the assistance of the institutional Chaplin so the integrity and sacredness of my medicine bag would not be violated. The booking officer agreed so I did not press the issue.

4. After a couple of days went by, I asked a supervisor what was going on with my religious items and I was told that they was going to look into it only to never hear back from nobody. I took the

1

opportunity when I was being transferred to court to ask the booking officer what was going on with my religious items, and he told me that I should talk with the federal liaison who was transporting me to court because it was out of his hands and he can't help me.

5. It was then that I had the opportunity to speak with federal liaison McLaughlin about my religious belief and he told me that he was going to look into the issue for me. Whoever he spoke with about the issue pertaining to my religious items and the practice of my religious belief eventually sent the institution Chaplin to come and speak with me.

6. After speaking with the Chaplin, it was very clear that the institution had no intentions to let me have my religious items. In addition, he advised me that I should start the grievance process because it was his understanding from what they already told him that I was denied access to my religious items as well as the right to practice my religious belief.

7. Moreover, it was at that moment that I realized everybody was giving me the run around and I decided to start the grievance process. I then went on to file a formal grievance about the institution denying me my right to practice my religious belief. I sent one to safety and security, one to the federal liaison, and one to programs. They all responded back telling me that the matter had been forwarded to the superintendent Richard N. Van Wickler.

2

8. A week had gone by after my last grievance when on the 14 of January; I was escorted to the event room under the impression that we were going to speak about what I needed to practice my religious belief. It was at that time that Superintendent Richard N. Van Wickler started to ask me questions about my religious belief and turned it into what felt more like an interrogation about my sincere regard to practice my religion.

9. He went as far as asking me for names and numbers of people in the community that could verify that this was my religion and I asked him if he asks Catholic members for the pope's number or Christians for their pastor's number to verify if they are Catholics and Christians. To which he did not have an answer. I then went on to let him know if he needed verification all he had to do was call Ray Brook F.C.I and the facilities that I had just came from where I was allowed to carry my religious items and practice my religious belief. I was not asking for any preferential treatment that he was not already allowing cross-denominational religions to practice in the institution such as possessing religious materials, sacred items, and having time to worship their faith.

10. Although it was understood that the facility could not provide me with a sweat lodge. Second alternative remained for me to practice my religious belief such as possessing religious items and materials, including carrying my medicine bag containing ceremonial items, wearing my native bandana, having access to a

3

ceremonial pipe and kinnikinnik, and praying with other Native American prisoners. All the things that he allows cross-denominational religions to do in the facility already. All which were denied to me by Superintendent Richard N. Van Wickler and the Cheshire County D.O.C.

11. He says that he encourages inmates at his facility to practice their religion, but how can I be encouraged to practice my religious belief all while being denied the essential items that are the core belief to my religion and the ceremonial worship of my faith. That is like telling a Christian that he can practice his faith but he has to do it without a bible, a rosary, church, or anything what so ever having to do with his faith. I guess as long as the faith is one of cross-denomination he does not consider it preferential and does not have a problem with encouraging you to be a person of faith.

12. The situation caused me severe mental and emotional stress, making me depressed because I could not practice my religious belief at a moment in my life when I needed them the most. Facing the current legal predicament that I find myself in is in itself a very torturous and down period of my life in which I desperately need to cling to the hope and strength, and sustenance, I derive out of practicing my religion.

13. My religious items are important and sacred in my journey of life and in their presence; I feel immense emotional strength and security. Something that Superintendent Richard N. Van Wickler

4

and the Cheshire County D.O.C took away from me when he denied me the right to posses my religious items and denied me the right to practice my religious belief and to be able to worship my god and my ancestors.

14. Religion is the first of our rights under the First Amendment and Bill of Rights. The right to the free exercise of religion is a precious American invention, distinguishing our constitution from all prior national constitutions. The right to the free exercise of religion is to be jealously guarded. It is the right of a human being to respond to what that person's conscience says is the dictate of God. It is not a right to be readily trammeled by the state. A human being does not cease to be human because the human being is a prisoner of the state.

15. In addition, while I was a prisoner at the Cheshire County D.O.C, Superintendent Richard N. Van Wickler and the Cheshire County D.O.C denied me all the fundamental rights under the First Amendment to practice my religious belief. When he denied my grievance to seek relief, denied me access to my religious items, denied me access to smudge, to have access to ceremonial pipe and kinnikinnik, and to be able to worship and pray at the Cheshire D.O.C.

16. Therefore violating my 14th Amendment right of the equal protection clause when he also denied me the right to practice my religious belief while allowing cross-denominational religions to

5

practice their faith, posses religious material, and worship with other members of their faith.

17. Under The Religious Land Use and Institutionalized Persons Act, the Courts have consistently held that when one religious group is permitted to engage in a particular activity, the same right must be accorded all other religious groups within the institution. Thus, it would appear that although prison officials have a right to regulate religious activity in order to promote valid institutional interests, the regulation must, in all cases, be equally applied to all groups. Likewise, where one group is permitted to manifest its religious beliefs in certain -manner, all other religious groups must be accorded the same privilege.

18.

All of the things that I am currently allowed to do here at the Strafford county D.O.C after Superintendent Richard N. Van Wickler and the Cheshire County D.O.C had the marshals transfer me out his jail rather then allow me to practice my religious belief.

19. I am seeking relief from the courts in monetary damages of $500,000.00 under 42 U.S.C. §1983 for violations against my first amendment and free exercise of my religion and my 14th amendment under the equal protection clause and the "RLUIPA"

6