UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Roberto Pabon

   v.                           Civil No. 15-cv-115-LM

Richard N. VanWickler,
Superintendent, Cheshire County
Department of Corrections, and
Cheshire County

**REPORT AND RECOMMENDATION**

Roberto Pabon, has filed a complaint (doc. no. 5) asserting that defendants, Cheshire County Department of Corrections ("CCDC") Superintendent Richard N. VanWickler and Cheshire County, have improperly infringed on his right to practice his religion, as protected by the First Amendment Free Exercise Clause, the Fourteenth Amendment Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a).

**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as

true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### Claims

Pabon asserts that defendants: (1) denied him access to his religious items, and (2) prevented him from practicing his religion, while allowing inmates of other faiths to do so.  As a result, Pabon claims that his rights under the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA") have been violated.  Seeking damages,[1] Pabon sues the defendants in their individual, official, and supervisory capacities.

### Discussion

I.  **Constitutional Claims**

The court finds that Pabon's First and Fourteenth Amendment claims for damages may be served upon VanWickler and the County, without prejudice to the defendants' ability to move to dismiss on any proper basis.  In an Order issued simultaneously with this Report and Recommendation, the court directs service of the

---

[1] Any claim for injunctive relief in this matter would be mooted by the fact that Pabon is no longer incarcerated at the CCDC.

2

Constitutional claims upon VanWickler, in his individual capacity, and upon Cheshire County and VanWickler in his official capacity, as an agent of Cheshire County.

## II.  **RLUIPA Claims**

Although the First Circuit has reserved judgment on the issue, see Kuperman v. Wrenn, 645 F.3d 69, 79 (1st Cir. 2011), every federal appeals court that has addressed the issue has decided that RLUIPA does not authorize claims for damages asserted against defendants sued in their individual capacities. See, e.g., Howard v. Skolnik, ___ F. App'x ___, No. 12-16937, 2015 U.S. App. LEXIS 4634, *1-*2 (9th Cir. Mar. 20, 2015) ("RLUIPA claim may proceed only for injunctive relief against defendants acting in their official capacities."); see also Giorgio v. Jackson, No. 12-11171-LTS, 2015 U.S. Dist. LEXIS 44243, *21 (D. Mass. Apr. 1, 2015) ("Those Circuits which have addressed the issue . . . have held that monetary damages are not available against a defendant sued in his individual capacity [under RLUIPA]."). Following the well-reasoned authority of those courts, the district judge should dismiss Pabon's RLUIPA claim for damages asserted against VanWickler in his individual capacity.

This court reserves for future consideration, upon proper motion, the question of whether a RLUIPA claim for damages may be asserted against the County, or VanWickler in his official

3

capacity. See, e.g., Kelley Bey v. Keen, No. 3:13-CV-1942, 2014 U.S. Dist. LEXIS 97649, *34 (M.D. Pa. May 29, 2014) (noting, in dicta, that official capacity RLUIPA claims for damages against county officials may be cognizable), report and recommendation approved, No. 3:13-CV-1942, 2014 U.S. Dist. LEXIS 101265, 2014 WL 3563475 (M.D. Pa. July 17, 2014).

## Conclusion

For the foregoing reasons, the court recommends that Pabon's RLUIPA claims for damages asserted against VanWickler in his individual capacity, and any claims for injunctive relief intended to be asserted in this action, be dismissed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 17, 2014

cc: Robert Pabon, pro se