UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Roberto Pabon

    v.                                    Civil No. 15-cv-115-LM
                                          Opinion No. 2016 DNH 114
Cheshire County Department of
Corrections Superintendent
Richard N. Van Wickler and
Cheshire County

## O R D E R

Plaintiff Roberto Pabon filed suit against Cheshire County, and Richard N. Van Wickler, the Cheshire County Department of Corrections ("CCDC") Superintendent. In this action, Pabon has asserted claims for infringement of his federal constitutional rights and his rights under the Religious Land Use and Institutionalized Persons Act in January 2015, when Pabon was a federal pretrial detainee housed at the CCDC. Before the court is defendants' motion to dismiss (doc. no. 50), asserting that Pabon has failed to prosecute this action and failed to keep the court apprised of his current address.

### Background

On May 9, 2016, a status hearing was held in this matter before the Magistrate Judge. Defendants appeared with counsel.

Pabon, who is proceeding pro se in this matter, appeared telephonically from the Metropolitan Detention Center ("MDC") in Brooklyn, New York.  At the May 9 hearing, the parties discussed a potential settlement of this matter.  After the hearing, the Magistrate Judge issued an Order (doc. no. 44) directing that a follow-up status conference be scheduled for May 16, or as soon as practicable thereafter, as Pabon had stated at the May 9 hearing that he expected to be sentenced in federal court in Vermont on May 19, 2016, and did not know where he would be incarcerated on May 16, 2016.

In a letter dated May 13, 2016 (doc. no. 45), Pabon notified the court that he had been transferred from the MDC to the Strafford County Department of Corrections ("SCDC").  The court then learned that Pabon was to be transferred to Brattleboro, Vermont, for his May 19, 2016, sentencing.  Prior to his sentencing, the court, and apparently the parties, expected Pabon to remain in the custody of the Bureau of Prisons after his sentencing, and to be transferred to a federal facility, to serve the balance of his sentence, on either May 20 or May 27, 2016.

On May 19, 2016, the court received Pabon's response (doc. no. 46) to defendants' previously-filed motion for summary judgment.  Pabon has not contacted the court since filing that response.  Mail sent to Pabon in May 2016, both at the MDC and

at the SCDC, has been returned to the court.  See Doc. Nos. 47, 48, 51, and 52.

On June 14, 2016, defendants filed "Defense's Report of Counsel" (doc. no. 49) advising the court that defendants' counsel had called the SCDC on that date, and was told that Pabon had been released from that facility on May 25, 2016. Defendants then filed the instant motion to dismiss (doc. no. 50), on the basis that Pabon has failed to prosecute this case, and failed to apprise the court of his current mailing address, as required by LR 83.6(e).  Defendants did not serve Pabon with a copy of the motion to dismiss.[1]  Pabon has not responded to the motion.

A final pretrial conference in this case was scheduled for July 5, 2016.  The only notice Pabon received of that conference was the Trial Notice mailed to Pabon on June 12, 2015, more than a year prior to the scheduled hearing.  Pabon did not appear for the final pretrial conference.  At the conference, the court continued trial until September 20, 2016.

---

[1] Defense counsel included the following "Certificate of Non-Service" in his motion to dismiss: "I hereby certify that a copy of this filing WILL NOT be provided to Mr. Pabon, pro se, at his address of record, on file with the court clerk, – due to his failure to abide by court rules and provide the court his current address – but that electronic copy will be forwarded to my clients."

3

The clerk's office has now located what is believed to be Pabon's mother's address: 57 Cromwell St., Harford, CT, 06114. The court will forward a copy of this Order, along with a copy of the docket sheet in this matter, to that address. Defendants' counsel has filed "Defendants' Addendum to Court Documents #49, 50, 53 & 54: Confirmation of Certificate of Service on Plaintiff" (doc. no. 55), notifying the court that he has sent a letter to plaintiff at the Hartford address, advising Pabon of the status of the case, and the need for Pabon to notify the court and defense counsel as to whether he intends to continue to litigate this matter. Counsel also sent Pabon copies of the defendants' filings in this case that Pabon did not receive due to his release from custody and failure to notify the court of his new address.

### Discussion

"A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure Rule 41(b)." Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). Rule 41(b) permits a defendant to move to dismiss an action or claim against it, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

"The court, mindful of 'the strong presumption in favor of deciding cases on the merits,' considers the totality of the circumstances in determining whether dismissal is appropriate." Palermo v. Gerry, No. 13-CV-232-PB, 2015 U.S. Dist. LEXIS 94741, at *1-*2, 2015 WL 4464491, at *1 (D.N.H. June 24, 2015) (quoting García-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010)), R&R approved sub nom. Palermo v. N.H. State Prison, No. 13-cv-232-PB, 2015 U.S. Dist. LEXIS 94740, 2015 WL 4464491 (D.N.H. July 21, 2015).  Relevant factors include plaintiff's previous diligence in prosecution, notice to plaintiff of potential for dismissal, and the severity of plaintiff's misconduct, as well as "procedural elements, such as notice and the opportunity to be heard."  Torres-Álamo, 502 F.3d at 25; see also Diaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004).  "Because of the strong policy favoring the disposition of cases on the merits," the "drastic" sanction of dismissal for want of prosecution should be reserved for particularly egregious circumstances. Colokathis v. Wentworth-Douglass Hosp., 693 F.2d 7, 9 (1st Cir. 1982) (internal citations and quotation marks omitted); see also Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006).

Here, Pabon diligently prosecuted this matter until his release from custody at the end of May, including providing notification to the court of a change of address earlier that

5

month.  Pabon has been "absent" from this case for less than two months.  Although Pabon failed to appear at the July 5 pretrial conference, it appears the only notice Pabon has had of that hearing was sent to him in June 2015, while he was in federal custody.  There is no indication that Pabon received actual notice of defendants' motion to dismiss.

At this time, the court cannot find that Pabon's absence from this case is sufficiently egregious or prejudicial to the defendants to warrant dismissal of the case.  While it is true that Pabon has failed to notify the court of his change in address, and, due to this absence at the final pretrial conference, the trial in this matter was continued for approximately two months, defendants have not shown that they suffered any prejudice due to this brief delay.  Given the totality of the circumstances present here, the court cannot find at this time that Pabon has either abandoned his case, or engaged in the sort of repetitive disobedience of court orders or other misconduct as would warrant dismissal of this matter.  Accordingly, the court takes defendants' motion to dismiss (doc. no. 50) under advisement, and directs Pabon to either notify the court that he intends to proceed with this matter, or request that the court dismiss this matter without prejudice.

**Conclusion**

The court directs as follows:

1. Plaintiff must, on or before August 1, 2016:

    a. File a notice in the court stating that he intends to proceed with this action; or

    b. File a motion seeking voluntary dismissal of this matter without prejudice.

2. Going forward, plaintiff must advise the court promptly of any change in his mailing address, in compliance with LR 83.6(e).

3. Defendants' Motion to Dismiss (doc. no. 50) is taken under advisement, pending plaintiff's response to this Order, or the expiration of the time allotted for that response.

If plaintiff fails to respond to this Order, the court may dismiss this action, pursuant to Fed. R. Civ. P. 41(b), without further hearing.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

July 13, 2016

cc: Roberto Pabon, pro se
    John A. Curran, Esq.